**UNITED STATES of America**

**v.**

**Chadd A. ROPER**

**No. CR–04–53–B–W.**

United States District Court, D. Maine.

Oct. 19, 2004.

Peter J. Cyr, Law Office of Anthony J. Sineni, Portland, ME, for Chadd A Roper (1), Defendants.

James M. Moore, Office of the U.S. Attorney, District of Maine, Bangor, ME, for USA, Plaintiff.

## ORDER

WOODCOCK, District Judge.

### I. INTRODUCTION

On July 1, 2004, the Defendant Chadd A. Roper waived indictment and pleaded guilty to receipt and transport of a firearm by a person under indictment, 18 U.S.C. § 922(n), and theft or receipt of stolen mail, 18 U.S.C. § 1708.[1] In a conference just prior to the Rule 11, the parties informed the Court that they had discussed two potential *Blakely* issues: (1) grouping under U.S.S.G. § 3D1.4; and, (2) an enhancement for possession of three firearms. U.S.S.G. § 2K2.1(b)(1)(A). The grouping enhancement has the potential of increasing his total offense level one level; the firearms enhancement has the potential of increasing his total offense level two levels. The parties treated the enhancements differently. The Defendant was willing to waive any *Blakely* challenges to the applicability of the § 2K2.1(b)(1)(A) firearms enhancement,[2] but was unwilling to waive *Blakely* challenges to § 3D1.4

---

1. Count Two of the Information charged an additional count of theft or receipt of stolen mail, which the Government has agreed to dismiss at sentencing.

2. Regarding the firearm enhancement, the following colloquy took place in chambers between the Court and counsel:

    The Court: One other aspect is that he's charged in the information with the possession of three firearms, which would, as I just saw, result in an enhancement. The amended proposal of facts and version of the offense has him admitting to the possession of three firearms; is that correct?

    Mr. Cyr: That's correct.

    Mr. Moore: And it's both parties' anticipation that his sentence would be enhanced in that regard."

    The Court: I think I may, just to make sure the record is clear, go through with him the fact that under the *Blakely* decision he would have the right not only to challenge the possession of the firearms, but also specifically the possession of the three firearms as opposed to possession of one, and that the possession of three can result in an enhanced sentence, to which he's admitting. So, you might warn him the Court will be asking him some questions that you might not otherwise have anticipated.

grouping.[3] During the Rule 11, the Court inquired of the Defendant to make certain his *Blakely* waiver on the firearms enhancement was both knowing and voluntary.[4]

At the Presentence Conference, defense counsel commented:

> Mr. Cyr: I will warn him of that, your Honor. I have discussed with him *Blakely* and the fact he's basically agreeing to the enhancement in the indictment. So he's aware of what's going on. But I'll certainly inform him that you'll be inquiring of him. Transcript of Telephone Conference of Counsel held August 9, 2004, at 3–4.

3. Regarding grouping, the following colloquy took place in chambers between the Court, counsel and probation:

> Mr. Moore: Well, we've discussed the effect of the *Blakely* decision, and it seems, even if we weren't to include enhancements here or group these, that we're still left with a sentencing range that if I were to recommend in the middle range rather than the lower end, that would get us back to where we were. So—but my thought is that we would go forward....
> The Court: ...in light of the Government's position, what I will do on the record when I get into the courtroom is to clarify, for the Government's purposes, that even though the facts underlying the grouping enhancement may have been established, that the Government has not charged it, and the Government is waiving the right to claim a grouping enhancement applies since it has not been charged in the information as required by *Blakely*. Otherwise, I would have to warn the Defendant that grouping is a potential element of the sentence that the Government would have to charge and could be subject to indictment by a grand jury. But the Government, once I take the plea, even though he may have admitted the facts that would allow a grouping, because it has not been charged, the Government has waived—and I want it clear—the Government has waived the right to claim grouping will apply.
> Mr. Moore: Yes, that's fine, your Honor. I think that's an accurate statement of where we are....
> *Id.* at 2, 4–6.

Mr. Cyr: Well, Judge, I—I don't—I don't know—and correct me if I'm wrong—whether we waived our *Blakely* issues. I think we certainly pled guilty to the information knowing that there were three guns alleged in the information and knowing what was alleged in

4. The Rule 11 transcript reveals the following colloquy between the Court and the Defendant:

> The Court: Now, the United States Supreme Court has recently decided a case, *Blakely v. Washington*, that may restrict some of the guideline adjustments, particularly those that increase the sentence. At this time we do not know what the final effect of the Supreme Court decision will be. Do you understand?
> The Defendant: Yes.
> The Court: Specifically regarding your case, sir, a couple of matters I want to make clear you understand. In Count 1 of the information, the Government has alleged that you possessed, while under indictment, three firearms. The possession of three as opposed to one or two firearms may increase your sentence under the federal sentencing guidelines. Do you understand?
> The Defendant: Yes.
> The Court: In the recent Supreme Court case of *Blakely v. Washington*, the United States Supreme Court has indicated that it might require the Government not only to allege the possession of all three firearms in the information, but also you would have a right to have this issue presented as to whether you possessed all three firearms, as opposed to one or two, to a grand jury for indictment. First, do you understand that?
> The Defendant: Yes.
> The Court: Secondly, what I want you—want it clear you understand is that if you were indicted by the Grand Jury, that under *Blakely v. Washington*, the Government may be required to prove that you possessed all three and not simply one or two of these firearms if the case were presented to a jury, and it would have to prove your possession of all three firearms beyond a reasonable doubt. Do you understand?
> The Defendant: Yes.
> Transcript of Rule 11 Proceeding held August 13, 2004, at 29–30.

the information. However, I was prepared to suggest to this Court that in part we were going to argue that the guidelines don't apply.

Transcript of Presentence Conference held September 29, 2004, at 1. Defense counsel agreed the Defendant had waived any *Blakely* issues regarding the firearms enhancement under § 2K2.1(b)(1)(A), but contended no other *Blakely* issues had been waived.

## II. DISCUSSION

■ The Court agrees with the Defendant. *Blakely* made it clear a Defendant can waive constitutional protections, "if appropriate waivers are procured." *Blakely v. Washington*, — U.S. —, —, 124 S.Ct. 2531, 2541, 159 L.Ed.2d 403 (2004) (addressing waivers for judicial factfinding). In this case, the Defendant knowingly and voluntarily waived any *Blakely* claims on the § 2K2.1(b)(1)(A) enhancement, but there is no indication he intended to waive or ever did waive any other *Blakely* issues. To the contrary, he stood his ground on the grouping enhancement and ultimately, the Government waived any § 3D1.4 enhancement.

## III. CONCLUSION

With the exception of his express waiver of any *Blakely* objections to the application of the § 2K2.1(b)(1)(A) enhancement for the number of firearms, the Defendant has not waived and is free to argue that *Blakely* should be applied to any remaining aspect of his case.

**SO ORDERED.**